In the Matter of IRVING SPIELER, an Attorney, Respondent. NEW YORK COUNTY LAWYERS' ASSOCIATION, Petitioner.

First Department, May 11, 1965.

*Daniel M. Shientag* for petitioner.

*Samuel Falk* (*Samuel Mezansky* and *Thomas J. Malmud* with him on the brief), attorney for respondent.

*Per Curiam.* Respondent was admitted to the Bar in this Department in 1922. He is charged with (1) violating canon 11 (dealing improperly with trust property) and (2) violating canon 22 (relating to candor and fairness) of the Canons of Professional Ethics. Hearings on the charges were held before a Referee who found that the charges had been sustained.

The charges arose out of a real estate transaction in which respondent recorded certain instruments of title for his own benefit in violation of an escrow agreement. Respondent does not deny that the instruments in question were recorded by him contrary to the express terms of the escrow. However, he contends that the escrow arrangements were orally modified by one, Weissman, who placed the documents in the hands of respondent. The Referee, finding that there was no such oral modification, found the respondent guilty of violation of canon 11 in that he improperly dealt with trust property. That finding is supported by the evidence and should be sustained.

Likewise, we sustain the finding of the Referee that the respondent was guilty of violating canon 22 of the Canons of Professional Ethics in that he was not fair or candid, either with Weissman, the party he dealt with, or the Association of the Bar. It is putting it very generously when we say that the evidence indicates that he was less than candid in his representations to the Bar Association with respect to what occurred in the transaction upon which the charges were based.

Respondent has been admitted for 43 years and is presently 67 years of age. He has no prior disciplinary record and several very prominent members of the Bar have testified as to his excellent reputation.

While respondent's conduct may not be condoned, it would appear that his difficulties arose from a sincere belief that he would be able to meet the conditions of the escrow and that he was prevented from so doing by unforeseen circumstances. It is hardly likely, in view of the respondent's past record and in view of the circumstances in which he became here involved, that he will again give cause for disciplinary action.

In all the circumstances, we conclude that respondent should be suspended for one year.

BREITEL, J. P., RABIN, VALENTE, STEVENS and STEUER, JJ., concur.

Respondent suspended for a period of one year, effective June 14, 1965.